# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**MICHELLE D. MASTERS,**
**Claimant Below, Petitioner**

**FILED**

March 30, 2017
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)　No. 16-0311** (BOR Appeal No. 2050894)
　　　　　　　　　(Claim No. 2013024698)

**GREENBRIER HOTEL CORPORATION,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Michelle D. Masters, by Patrick K. Maroney, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Greenbrier Hotel Corporation, by James W. Heslep, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated March 3, 2016, in which the Board affirmed an October 20, 2015, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's January 14, 2015, decision to deny medical authorization for a repeat cervical MRI and ten occupational therapy sessions over an eight month period. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Masters, a culinary instructor for Greenbrier Hotel Corporation, injured her neck and shoulder on July 11, 2012, while lifting a mini fridge onto a countertop. The claims administrator held the claim compensable on July 18, 2012, for a sprain of the shoulder/arm and neck as well as overexertion and strenuous movement. An MRI performed the same day revealed a left lateral C5-C6 disc protrusion creating nerve root encroachment, a small posterior central and left

1

paramidline C6-C7 disc protrusion creating no nerve root displacement, and a small focal posterior central T1-T2 disc protrusion creating no cord compression.

Robert Thompson, M.D., of the Greenbrier Clinic, examined Ms. Masters on July 20, 2012, and stated that she suffered from cervical disease. He suggested physical therapy and advised Ms. Masters to remain off work until further evaluation. Bruce Guberman, M.D., completed an independent medical evaluation on October 18, 2012, in which he opined that her treatment up to this point had been medically necessary and appropriate. Dr. Guberman believed that Ms. Masters was not at her maximum degree of medical improvement in relation to her cervical spine and would benefit from follow-ups with her treating physician and a nerve conduction study. Dr. Guberman believed Ms. Masters's shoulders were doing well and were not the source of her problems. He found her to be at maximum medical improvement in relation to her shoulders and opined that she did not suffer any whole person impairment related to them.

On May 23, 2013, Joseph Grady, M.D., performed an independent medical evaluation and noted that Ms. Masters has already completed forty-four physical therapy sessions up to this point with reports that they provided some relief. She has also been treated with oral steroids and returned to work after a few weeks on a part-time basis. He concluded that it would be reasonable for her to consider having injections in her neck in light of her structural abnormalities. Dr. Grady opined that she did not wish to pursue those, or if they cannot be performed, Ms. Masters would likely then be at maximum medical improvement. He believed the use of a nonsteroidal anti-inflammatory medication, such as Naproxen, is reasonable.

James Dauphin, M.D., performed a physician's review for the purpose of determining whether the request for occupational therapy sessions and occipital nerve blocks is reasonable. He recommended the nerve block but found that the occupational therapy sessions should be denied. He stated that Ms. Masters has had forty-five physical medicine treatments in this claim and has reached maximum medical improvement, with the exception of her neck. Dr. Dauphin stated that Ms. Masters should continue to receive epidural injections in her neck, and upon completion of the injections, Dr. Grady should be asked to issue an addendum report providing an impairment rating. He stated the occupational therapy sessions exceeded treatment guidelines set forth in West Virginia Code of State Rules § 85-20 (2006).

Ms. Masters underwent cervical epidural injections on January 14, 2014. On May 12, 2014, A.E. Landis, M.D., performed an independent medical evaluation. Dr. Landis opined that Ms. Masters was at her maximum degree of medical improvement in relation to all her injuries. However, he opined that Ms. Masters would require some ongoing treatment to maintain her maximum degree of medical improvement. Dr. Landis recommended the regular use of a home cervical traction device.

Rebecca Thaxton, M.D., performed a physician's review on November 16, 2014, which addressed the reasonableness of the requested repeat cervical MRI, cervical nerve block, and occupational therapy sessions. Dr. Thaxton did not recommend payment for the repeat cervical MRI and osteopathic manipulation. She did recommend payment of the repeat cervical nerve block. Dr. Thaxton opined that the physical therapy in this claim has been excessive and exceeds

the guidelines set forth in West Virginia Code of State Rules § 85-20. She concluded that occupational therapy sessions are no longer reasonable or within the treatment guidelines. Dr. Thaxton stated that an MRI performed now would not be reflective of the acute injury from 2012, and therefore should not be approved.

On December 18, 2014, the claims administrator initially denied the request for a repeat cervical MRI and ten occupational therapy sessions over an eight month period. On January 13, 2015, the StreetSelect Grievance Board determined that a repeat MRI would not reveal anything pertinent to the 2012 injury. Further, the Board found that ten occupational therapy sessions over an eight month period were also not reasonably required. Based upon the StreetSelect Grievance Board's determination, the claims administrator denied medical authorization for a repeat cervical MRI and ten occupational therapy sessions over an eight month period on January 14, 2015.

On August 20, 2015, Ms. Masters was deposed. She testified about her injury and the treatment she has received thus far. She was originally treated at the Greenbrier Clinic and then she had vocational rehabilitation. She returned to work in a modified form in October of 2012 and started full duty sometime thereafter. Around January of 2015, her workload increased which she stated put more strain on her neck.

On October 20, 2015, the Office of Judges determined that the medical evidence did not support the authorization of the additional treatment of a repeat cervical MRI or ten occupational therapy sessions over an eight month period for the treatment of the compensable sprain. The Office of Judges noted that under West Virginia Code of State Rules § 85-20-35.5 (2006), the expected recovery period for a sprain is not to exceed eight weeks. The Office of Judges noted that the request for a repeat MRI and occupational therapy was completed two years after the injury. Furthermore, Ms. Masters was determined to be at maximum medical improvement on May 12, 2014. The Office of Judges determined that the treatment received to date was excessive pursuant to the treatment guidelines contained in West Virginia Code of State Rules § 85-20. The Board of Review adopted the findings of the Office of Judges and affirmed its Order on March 3, 2016.

After review, we agree with the consistent decisions of the Office of Judges and Board of Review. The evidence of record supports the conclusion that any further treatment would be outside of the guidelines contained in West Virginia Code of State Rules § 85-20 without sufficient justification. Furthermore, there is evidence that Ms. Masters has reached maximum medical improvement. As a result, it was proper for the Office of Judges and Board of Review to deny authorization for such treatment.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: March 30, 2017**

**CONCURRED IN BY:**
Chief Justice Allen H. Loughry II
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker